OPINION
Defendant-Appellant appeals the sentences and convictions entered by the Knox County Court of Common Pleas on one count of abduction, one count of aggravated burglary, one count of attempted rape and one count of gross sexual imposition, following a trial by jury. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
The undisputed facts are that on August 25, 2000, at approximately 2:30 a.m., Appellant left Banana Joes, a bar located in Mount Vernon, with four other people: Jessica Moiser, David Golas, Braden Patchett and Andrea Steger. The group decided to go to a local park known as Riverside Park. Some consumption of alcohol occurred at the bar and at the park.
At the trial in this matter, Andrea Stenger testified that when she and her friends were leaving the park, the Appellant grabbed her from behind and placed his right hand over mouth. (T. at 119). She further testified that she struggled and managed to break free but only to have Appellant run at her, knock her to the ground, grab her by the hair and drag her through a thorn bush for about 20 feet. (T. at 119-120). She testified that Appellant then pinned her to the ground by placing his knees on her arms. (T. at 121). She stated that at this time David Golas ran at Appellant and knocked him off of her. (T. at 121).
David Golas, Jessica Mosier and Braden Patchett also testified at trial and their testimony supported the above statement of events.
On August 26, 2000, early in the morning, Jenna Riel, age nine years old, woke up to find a man in her bed. (T. at 231.) She testified that he smelled of alcohol, had a knife and threatened to kill her if she screamed. (T. at 232). She further testified that he forced her to remove her bathing suit, removed his own pants and climbed on top of her, touching her "private" with his "private". (T. at 232-233). She further testified that he was unable to achieve penetration with his "private" and that he tried to penetrate her digitally. (T. at 236). Jenna described the perpetrator as wearing a gray shirt, black pants and a silver necklace. (T. at 240). She also stated that he had two tattoos, one of which was located on his left arm. (T. at 241). She also described the perpetrator as having a goatee type of beard. (T. at 244).
In September, 2000, the Knox County Grand Jury returned an indictment against Appellant charging him with one count of abduction in violation of R.C. § 2905.02(A)(2), one count of aggravated burglary in violation of R.C. § 2911.11(A)(1), one count of attempted rape in violation of R.C. § 2923.02(A) and one count of gross sexual imposition in violation of R.C. § 2907.05.
The matter proceeded to jury trial on March 27, 2001, and continued through March 29, 2001.
On March 29, 2001, the jury returned verdicts of guilty on all counts contained in the indictment.
On June 8, 2001, following a presentence investigation, the trial court sentenced Appellant to a definite term of imprisonment of five years on the count of abduction, a definite term of ten years on the count of aggravated burglary, a definite term of eight years on the count of attempted rape and five years on the count of gross sexual imposition. The sentences on the aggravated burglary, attempted rape and gross sexual imposition counts were ordered to be served concurrently to one and another and consecutive to the sentence on the charge of abduction, resulting in a total sentence of fifteen years.
At the time of sentencing, the trial court also determined Appellant to be a sexual predator.
Appellant filed a timely notice of appeal, assigning the following errors:
 ASSIGNMENTS OF ERROR I. "THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE WHERE THE TESTIMONY AT TRIAL FAILED TO SHOW THAT DEFENDANT-APPELLANT COMMITTED ANY OF THE OFFENSES CHARGED IN THE INDICTMENT."
 II. "THE VERDICTS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHERE THE TESTIMONY AT TRIAL FAILED TO SHOW THAT DEFENDANT-APPELLANT COMMITTED THE OFFENSES CHARGED IN THE INDICTMENT."
 III. "DEFENDANT-APPELLANT WAS IMPROPERLY ORDERED TO SERVE MAXIMUM AND CONSECUTIVE SENTENCES."
 IV. "DEFENDANT-APPELLANT WAS IMPROPERLY CLASSIFIED AS A SEXUAL PREDATOR."
 I.
In his first and second assignments of error, Appellant claims that the jury verdicts were against the manifest weight and sufficiency of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
In reviewing whether a conviction is against the manifest weight of the evidence, our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin
(1983), 20 Ohio App.3d 172. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387 (quoting State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, State v. Otten (1986),33 Ohio App.3d 339, 340. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant, in the case sub judice, was convicted of one count of abduction in violation of R.C. § 2905.02(A)(2), one count of aggravated burglary in violation of R.C. § 2911.11(A)(1), one count of attempted rape in violation of R.C. § 2923.02(A) and one count of gross sexual imposition in violation of R.C. § 2907.05.
Based upon the evidence which is set forth in detail in the statement of facts, we cannot say that the jury lost its way so as to create a manifest miscarriage of justice.
At trial, the jury heard testimony from Andrea Stenger. David Golas, Jessica Mosier and Braden Patchett with regard the charge of abduction. The jury also heard evidence which included testimony from Jenna Riel, Tammy Riel, Detective Lemley, the emergency department nurse, and two forensic scientists supporting the charges of aggravated burglary, attempted rape and gross sexual imposition.
Based on the foregoing, we find that appellant's convictions were not against the manifest weight of the evidence. The jury, as trier of fact, clearly found the witnesses to be credible witnesses.
Appellant's first and second assignment of error are, therefore, overruled.
 III.
In his Third Assignment of Error, appellant contends the trial court erred in imposing maximum, consecutive sentences on the attempted rape and abduction counts. We disagree.
R.C. § 2929.14(C) sets forth the following conditions under which a trial court may impose a maximum sentence: "(C) * * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
We read this statute in the disjunctive. See State v. Comersford (June 3, 1999), Delaware App. No. 98CA01004, unreported, at 2. Consequently, a maximum sentence may be imposed if the trial court finds any of the above-listed offender categories apply.
In the case sub judice, the trial court, in its Findings in Support of Maximum Sentences, made all the required findings as required by R.C. § 2929.14(C) that Appellant committed the worst form of the offense and that Appellant poses the greatest likelihood to commit future crimes. (Sentencing T. at 17).
Revised Code § 2929.14(E)(4) controls when a trial court may impose consecutive sentences for multiple offenses. R.C. § 2929.14(E)(4) provides:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
In the trial court's Findings in Support of Consecutive Sentences, the trial court made all the required findings as required by R.C. §2929.14(E)(4). The court stated on the record that it found "that consecutive sentences are necessary to protect the public from future crime; consecutive sentences are necessary to punish the offender; consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Sentencing T. at 17-18). The court then went on to find "that the harm caused was so great and unusual that no single prison term can adequately reflect the seriousness of the offender's conduct" and that "the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime". (Sentencing T. at 18).
At the sentencing hearing the trial court also noted that it had reviewed the pre-sentence investigation report and the victim impact statements of Andrea Stenger, Jenna Riel and Tammy Riel, Jenna's mother. (Sentencing T. at 3-4, 12). He found that the physical and mental injury suffered by Jenna Riel was exacerbated due to the age of the victim, that being nine years old. (Sentencing T. at 12). The trial court went on to state that Appellant caused these victims to suffer serious psychological harm and that he failed to show any genuine remorse for his actions. (Sentencing T. at 12-13). The court also noted that Appellant had a history of criminal convictions. (Sentencing T. at 13).
Upon review of the aforesaid and the remainder of the record of the sentencing hearing, we hold that the court made the required statutory findings before sentencing appellant to maximum, consecutive terms. Cf.State v. Klink (Oct. 11, 2000), Richland App. No. 00-CA-16, unreported.
Appellant's third assignment of error is overruled.
 IV.
In his fourth assignment of error Appellant argues that the court's finding that he qualified as a sexual predator was not supported by clear and convincing evidence that he was likely to reoffend.
In determining whether an offender is a sexual predator pursuant to R.C. § 2950.09, the court must consider a number of statutory factors:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
In the instant case, at the sentencing and classification hearing, the court reviewed the relevant facts of the case and considered all the factors contained in R.C. § 2950.09(B)(2). The court considered Appellant's prior criminal record, the nature of Appellant's sexual conduct, that Appellant threatened to kill the victim and that the victim was only nine years old. (Sentencing T. at 20).
Based on the foregoing, we find that the trial court did not err in classifying appellant as a sexual predator.
Appellant's fourth assignment of error is overruled.
The judgment of the Knox County Common Pleas Court is affirmed.
By BOGGINS. J., FARMER, P.J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Knox County Common Pleas Court is affirmed. Costs to appellant.